IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL C. OSBORN<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, the United States of America, brings this civil action on behalf of the Railroad Retirement Board (RRB) under the Federal False Claims Act, 31 U.S.C. § 3729-3733, and the common law and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1345 and its general equity jurisdiction.  This Court has personal jurisdiction over Samuel C. Osborn (Osborn) pursuant to 31 U.S.C. § 3732(a).  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims herein occurred in this district.

### NATURE OF CLAIM

2.      This is a civil action by the United States of America against Osborn under the civil False Claims Act, 31 U.S.C. § 3729(a)(1) and (a)(2).  This action seeks treble

**COMPLAINT/SAMUEL C. OSBORN - PAGE 1**

damages and a civil penalty against Osborn for the submission of false claims to the United States.

## THE PARTIES

Plaintiff is the United States of America ("United States") on behalf of its agency, the RRB.

Defendant Osborn resides in Fort Worth, Texas. At all relevant times, Osborn resided in the Northern District of Texas.

## BACKGROUND

3. Osborn was employed by Union Pacific Railroad as a Conductor until he was subsequently laid off from his position. At the time of his claims, Osborn was laid off. His railroad service employment made him eligible to receive UI benefits after he was discharged.

## FACTS

4. On or about November 5, 2008 Osborn submitted form UI-1, Application for Unemployment Benefits and Employment Service, to apply for RRB unemployment insurance (UI) benefits (the "Application"). Before he submitted his Application, Osborn was provided RRB Booklet UB-10 which describes the rules and reporting requirements for collecting UI benefits. Booklet UB-10 specifically states that the applicant may not receive UI benefits if he is gainfully employed elsewhere. After receiving Booklet-10, Osborn declared in the Application, "I understand and agree to the requirements set forth in Booklet UB-10." The Application is completed and attested online. True and correct copies of Booklet UB-10 and the Application are attached hereto as Exhibits "A" and "B,"

COMPLAINT/SAMUEL C. OSBORN - PAGE 2

respectively, and are incorporated herein.

5. After reviewing the Application, the RRB approved Osborn's Application for UI benefits and began paying Osborn unemployment benefits.

6. As a condition for continuing to receive UI benefits, Osborn was required to submit a form UI-3, Claim for Unemployment Benefits, every two weeks to the RRB. In the UI-3 form, the benefits recipient must declare that during the reporting period, he has not secured gainful employment and remains unemployed. The declaration of remaining unemployed is completed online.

7. In February 2009, while receiving UI benefits, Osborn became employed by Calvary Electric LLC.  Osborn was employed by Calvary Electric LLC from February 2009 until July 2009.

8. Despite being aware of his obligation to report any gainful employment to the RRB and ineligibility for UI benefits if he became employed, Osborn failed to report his Calvary Electric LLC employment to RRB.

9. Instead of reporting his employment, during the period of January 22, 2009 through July 9, 2009, Osborn repeatedly completed and submitted false and fraudulent UI-3 forms to the RRB declaring that he remained unemployed.  On each UI-3 form during this six (6) month period, Osborn marked each day as a day that he was unemployed and failed to report any wages that he received during the reporting period.

10. In total, Osborn submitted thirteen (13) false and fraudulent UI-3 forms to the RRB.  False UI-3 forms were submitted by Osborn for the following periods:

| Date | Exhibit |
|---|---|
| Jan. 22- Feb. 15, 2009 | C |
| Feb. 5 – Feb. 23, 2009 | D |
| Feb. 19 – March 4, 2009 | E |
| March 5 – March 18, 2009 | F |
| March 19 – April 3, 2009 | G |
| April 2 – April 15, 2009 | H |
| April 16 – April 30, 2009 | I |
| April 30 – May 29, 2009 | J |
| May 14 – July 1, 2009 | K |
| May 28 – July 1, 2009 | L |
| June 11 – July 1, 2009 | M |
| June 25 – July 8, 2009 | N |
| July 9 – July 22, 2009 | O |

Collectively, Exhibits "C" through "O," identified above, will be referred to herein as the "False UI-3 Forms."

11.   As a result of Osborn's submission of the False UI-3 Forms, Osborn received UI benefits totaling $7,024.95 while employed by and working for Calvary Electric LLC which he was not entitled to receive.

12.   Based on the foregoing:

(a)   Osborn knowingly, or in reckless disregard or deliberate ignorance of the truth or falsity of the information, presented or caused to be presented to an officer or employee of the United States government, false or fraudulent claims for payment or approval.

(b)   Osborn knowingly, or in reckless disregard or deliberate ignorance of the truth or falsity of the information, made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the government.

13.     As a result of each of the false claims that Osborn submitted for payment (the False UI-3 Forms), or as a result of false statements the Defendant knowingly used to get false claims paid (the False UI-3 Forms), the United States of America has been damaged in the amount of $7,024.95.  Liability under the False Claims Act is treble the amount of actual damages **plus** a civil penalty of $11,000.00 per violation.  Osborn committed thirteen (13) violations of the Act.  As a result, Osborn may be liable for treble damages of $21,074.85 together with civil penalties of $143,000.00.

## Count I
## False Claims Act

14.     The United States incorporates here the allegations contained in the preceding paragraphs of this Complaint.

15.     Osborn knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the government in order to receive $7,024.95 in railroad retirement benefits, which are federal funds, that he was not entitled to receive.

16.     The word "knowingly" being used here is defined in the False Claims Act; that is, knowingly means "a person, with respect to information - (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information."  31 U.S.C. § 3729(b).

17.     In reliance on such false or fraudulent claims, the United States of America's disbursed federal funds to Osborn.


18.     The United States has been damaged by Osborn's conduct.  The United States requests treble damages plus penalties as provided under the False Claims Act. 31 U.S.C. §§ 3729-3733.

## Count II
## Common Law Fraud

19.     The United States incorporates here the allegations contained in the preceding paragraphs of this Complaint.

20.     The conduct of Osborn constitutes concealment, misrepresentation, or fraud upon the United States.

21.     The United States requests that Osborn be ordered to reimburse all payments made for the retirement benefits he received as a result of false and fraudulent statements to the government and for such further relief as may be just.

## Count III
## Unjust Enrichment

22.     The United States incorporates here the allegations in the preceding paragraphs of this Complaint.

23.     The federal monies received by Osborn because of the fraud he committed against the United States constitutes unjust enrichment of Osborn.

24.     The United States requests damages, costs, attorney's fees and such further relief as may be just.

## Count IV
## Mistake of Fact

25.     The United States incorporates here the allegations in the preceding paragraphs of the Complaint.

26. Osborn intentionally concealed his false and fraudulent claims from the United States. The United States would not have paid the funds to Osborn if it had known of the true nature of the claims being made upon it and Osborn's intend to commit fraud.

27. The payments made by the United States to Osborn were made under the mistaken belief that Osborn submitted statements that were true, complete, and accurate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America prays:

(a) that the Court enter judgment against Osborn in an amount of $164,074.85, which is equal to three times the amount of damages the United States has sustained because of Osborn's actions, plus a civil penalty of $11,000.00 for each of the thirteen (13) false claims submitted in violation of the False Claims Act, 31 U.S.C. § 3729;

(b) that pursuant to 28 U.S.C. § 3011, this Court award a surcharge of ten percent (10%) of the amount of the debt as of the date of judgment;

( c ) that post judgment interest be awarded at the legal rate from and after the date of judgment, computed daily and compounded annually until paid in full;

(d) that the United States be awarded costs, attorney's fees, and such further relief as may be just under common law or the False Claims Act, 31 U.S.C. §§ 3729-3733.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

Respectfully submitted,

STUART F. DELERY
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL


SARAH R. SALDAÑA
UNITED STATES ATTORNEY


s/ *Clay R. Mahaffey*
Clay R. Mahaffey
Assistant United States Attorney
Wyoming Bar No. 6-3355
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102-6882
Telephone:  817- 252-5403
Facsimile:   817-252-5457
clay.mahaffey@usdoj.gov